UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRANCE L. CURTIS,

    Petitioner,

v.                                         Case No. 21-CV-110

WARDEN MICHAEL MEISNER,

    Respondent.

## ORDER

Terrance L. Curtis, who is currently incarcerated at the Fox Lake Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 26, 2021. (Docket # 1.) In an order dated December 10, 2021, I gave Curtis 45 days from the date of the order to file an opening brief in support of his habeas petition. (Docket # 11.) Curtis has since requested, and has been granted, three extensions of time to file his opening brief.

On July 5, 2022, Curtis filed a fourth motion to extend the deadline to file an opening brief by 45 days to secure an expert witness in support of his claim for ineffective assistance of counsel. (Docket # 16.) Curtis contended that he needed additional time to contact experts and to secure the necessary funds for expert services. (*Id.*) I denied Curtis' motion on July 15, 2022. (Docket # 17.) In the Order denying the motion, Curtis was informed that the scope of habeas review is narrow and generally consists only of an analysis of the existing record and state court decision, *see Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011); thus, any further attempt to secure an expert witness would be futile. (*Id.*)

Curtis has now filed a motion to reconsider the July 15, 2022 Order denying his motion for an extension of time. (Docket # 18.) Curtis asserts that he is aware that the Court can only review the issues previously raised in the state court. (*Id.* at 1.) He states, however, that his attempt to secure a forensic expert relates not to the ineffective assistance of counsel claim currently pending before this Court on habeas review, but to a new ground for ineffective assistance of counsel that he intends to raise through a Wis. Stat. § 974.06 motion in state court. (*Id.* at 2.) Curtis asks for a "final" 45 days so that he can file his Wis. Stat. § 974.06 motion and exhaust the issue. (*Id.*) He asserts that if the state court does not provide the relief sought, he will then move this Court for leave to file an amended § 2254 habeas petition to include the new, properly raised and exhausted ineffective assistance of counsel claim. (*Id.*) Curtis alternatively asks for an additional 45 days to file a brief in support of his current habeas petition. (*Id.*)

Curtis makes two very different requests that require him to meet different standards. To the extent Curtis moves for a 45-day extension of time to file his brief in support of the habeas petition currently pending before me, his motion is granted. However, to the extent Curtis moves for an extension of time to file a Wis. Stat. § 974.06 motion in state court, that is a whole separate matter.

If Curtis seeks to proceed with a Wis. Stat. § 974.06 motion in state court, he essentially requests that this Court stay his current habeas proceedings and hold his petition in abeyance while he returns to state court to exhaust his new ineffective assistance of counsel claim. But a stay and abeyance is only appropriate when a "mixed petition" is before the Court, i.e., a petition containing both exhausted and unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269 (2005). In other words, Curtis cannot, as he asserts, come back to federal court and amend

his habeas petition *after* receiving an unfavorable decision from the state court. Rather, the unexhausted claim must be contained in Curtis' habeas petition *prior* to requesting a stay and abeyance. Otherwise, with no mixed petition currently before me, a stay of proceedings under *Rhines* would be improper.

Thus, if Curtis' intent is to add an additional claim to his petition, he must first seek leave of the court to amend his petition to include it. *See Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999) ("AEDPA allows every prisoner one full opportunity to seek collateral review. Part of that opportunity-part of every civil case is an entitlement to add or drop issues while the litigation proceeds."); *Lieberman v. Budz*, No. 00 C 2531, 2002 WL 1888396, at *3 (N.D. Ill. Aug. 16, 2002) (granting *pro se* petitioner leave to amend habeas petition and noting that "[w]hen dealing with pro se petitioners, leave to amend should be freely given").

Then, if Curtis files an amended petition containing both exhausted and unexhausted claims, he can also file a motion for a stay and abeyance on that mixed petition. To obtain a stay and abeyance, however, Curtis must show: (1) good cause for his failure to exhaust his claim first in state court; (2) the exhausted claims are potentially meritorious; and (3) that he did not engage in intentionally dilatory tactics, consistent with *Rhines*.

In summary, Curtis' motion for reconsideration is granted (Docket # 18), consistent with this Order. Curtis is granted leave to do either of the following:

1. Within 45 days of the date of this Order, file a brief in support of his currently pending petition for a writ of habeas corpus. Curtis is again reminded that the Court will not review facts and issues that were not previously presented to the state court that adjudicated the petitioner's claim on the merits; **OR**

2. Within 45 days of the date of this Order, file an amended petition for a writ of habeas corpus. Curtis is advised that the amended petition will replace the prior petition and the amended petition must be complete in itself without reference to the prior petition.

    - If Curtis' amended petition contains both exhausted and unexhausted claims, he must simultaneously file a motion to stay and hold the amended petition in abeyance. Curtis is advised his motion must address each of the factors articulated in *Rhines* as to why a stay and abeyance should be granted.

**IT IS SO ORDERED**.

Dated at Milwaukee, Wisconsin this 2nd day of August, 2022.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge